[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 14, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-10816
Non-Argument Calendar
_____

D. C. Docket No. 04-60087-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MILDRED CRUZ-NATAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 14, 2007)**

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

After pleading guilty, Mildred Cruz-Natal appeals her 60-month sentence for

conspiracy to defraud the government, in violation of 18 U.S.C. § 286, which was imposed at her resentencing. After review, we affirm.

## I. BACKGROUND

Defendant Cruz-Natal pled guilty to defrauding the United States Department of Health and Human Services ("DHHS") by submitting false claims to Medicare for medical equipment on behalf of unknowing beneficiaries and receiving reimbursements from Medicare for the cost of the medical equipment. At Cruz-Natal's initial sentencing, the district court imposed a 72-month sentence.

In a prior appeal, this Court affirmed the district court's guidelines calculations except the application of a special-skill enhancement under U.S.S.G. § 3B1.3. Accordingly, the Court vacated Cruz-Natal's 72-month sentence and remanded with directions for the district court to consider the corrected advisory guidelines range of 57 to 71 months' imprisonment and the 18 U.S.C. § 3553(a) factors and to impose a reasonable sentence.

At resentencing, the district court heard argument from the parties as to what a reasonable sentence would be. The government requested a sentence within the advisory guidelines range. Cruz-Natal asked to be sentenced to time served because she had "learned her lesson" and needed to begin working to pay the court-ordered restitution. In the alternative, Cruz-Natal asked for a 57-month

sentence, at the low end of the advisory guidelines range. Cruz-Natal addressed the district court directly, stating her remorse and that she would never break any law again. Cruz-Natal asked to be released so she could begin working and repay the money she owed. She also asked the district court to take into consideration that her elderly mother was sickly and "needs [her] very badly."

The district court stated that it had considered the parties' statements, the presentence investigation report and the § 3553(a) factors. The district court also stated that, while it had sympathy for Cruz-Natal's circumstances, it believed that a guidelines-range sentence was appropriate "given the crime that was committed and the criminal history of the defendant and the need to protect the public from other crimes." The district court sentenced Cruz-Natal to 60 months' imprisonment and ordered restitution in the amount of $1,081,714.41. Cruz-Natal filed this appeal.

## II. DISCUSSION

On appeal, Cruz-Natal argues that her sentence is unreasonable because the district court failed to consider sufficiently her argument in mitigation.

After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), we review a sentence for reasonableness in light of the factors in § 3553(a).[1] United

---

[1] The § 3553(a) factors include:
(1) the nature and circumstances of the offense and the history and characteristics of

States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). We have concluded that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Rather, an indication that the district court has considered a defendant's arguments and the § 3553(a) factors is sufficient. Id. at 1330.

We review a defendant's ultimate sentence for reasonableness in light of the § 3553(a) factors. United States v. Winigear, 422 F.3d 1241, 1245-46 (11th Cir. 2005). This "[r]eview for reasonableness is deferential. . . . and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Id.

Here, Natal-Cruz has failed to show that her sentence is unreasonable.

---

the defendant; (2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed [treatment]; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range . . .;(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.
18 U.S.C. § 3553(a).

Contrary to Natal-Cruz's assertion, the district court acknowledged and explicitly considered Natal-Cruz's arguments in mitigation, stating that it sympathized with Natal-Cruz's circumstances. The district court also considered the § 3553(a) factors, noting specifically Natal Cruz's criminal history, the nature and circumstances of her offense and the need to protect the public. <u>See</u> 18 U.S.C. § 3553(a)(1), (2)(C). On the record before us, we cannot say that Natal-Cruz's 60-month sentence, near the low end of the advisory guidelines range, is unreasonable.

**AFFIRMED.**